[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence September 13, 1991 Date of Application September 13, 1991 Date Application Filed September 13, 1991 Date of Decision November 23, 1993
Application for review of sentence imposed by the Superior Court, Judicial District of Waterbury.
Docket No. CR 90-181474;
Louis Avitabile, Esq., Defense Counsel, for Petitioner.
Bradford Ward, Esq., Assistant State's Attorney, for the State.
Sentence Affirmed.
BY THE DIVISION:
The forty-three year old petitioner was convicted of Murder (Connecticut General Statutes (53a-54a) following a trial by jury. He was sentenced to a term of forty years.
The victim in this case was a 69 year old widower who lived alone in his home. The petitioner was acquainted with him and a frequent overnight guest at the victim's home. The victim had expressed fear of the petitioner, stating that he (petitioner) acted crazy when he drank and he also believed the petitioner was stealing things from him.
The victim was found by the police at the bottom of his basement stairway. He had been savagely beaten with a blunt instrument which fractured his skull and exposed brain matter. He had also been strangled. The evidence indicated that he was probably strangled in the living room, dragged to the bottom of the staircase and then beaten in order to make it appear that he had fallen down the stairs. Evidence led to the arrest and conviction of this petitioner.
Counsel for the petitioner urges the Division to reduce this sentence to the minimum twenty-five years for murder. He states that the petitioner is in poor health and, inexplicably to this Division, claims that because the victim was 69 years old, the sentence should be less severe then should be imposed for the murder of a younger person.
After killing the victim the petitioner used his credit card in some twelve different stores where he charged approximately $697.00 by signing the victim's name to the charges.
The petitioner has prior convictions for larceny, breaking and entering, assault, aggravated robbery in Texas and resisting arrest.
With this background, the Court was well within the parameters of reasonable discretion in imposing a sentence of 40 years. It could have imposed more.
Reviewing this sentence under the criteria established in Connecticut Practice Book 942, we affirm the sentence as CT Page 10937 proportionate and equitable to the petitioner.
Purtill, Klaczak and Norko, J.s, participated in this decision.